IRA W. CALDWELL, RELATOR, v. JOHN SAUL AND THE MAYOR AND ALDERMEN OF JERSEY CITY, RESPONDENTS.

*Argued October 5, 1926—Decided January 25, 1927.*

**Municipalities—Building Permits—Garage—Fire Hazards—Relator Applied to Enlarge His Garage by Extensions on Both Sides—No Objection to Extension on One Side, but the Other Opposed on Ground of Fire Hazard—Another Application was Made For the One Extension Only, and Granted —Relator Now Asks For Mandamus to Compel the Other Extension—Held, That Former Application, in Substance, Had Been Withdrawn, and Second That the Fire Hazard Constituted a Valid Reason For Withholding Permit.**

On rule to show cause why writ of *mandamus* should not issue requiring issue of a permit for alteration of a public garage according to plans submitted.

Before Justices PARKER, BLACK and CAMPBELL.

For the relator, *John Milton.*

For the respondents, *Thomas J. Brogan* and *Charles Hershenstein.*

PER CURIAM.

Relator, Caldwell, bought a lot on the east side of Ocean avenue which had on it an abandoned motion picture theatre which had been turned into a public garage. The walls of this theatre had been retracted five feet from each side of the lot to facilitate escape in case of fire. Caldwell wanted more room, and proposed to rebuild the side walls on the property line. There was no objection on the south side where there is a vacant lot. But on the north side he was forbidden to move the side wall on the ground that this would bring the building too close to a dwelling property and increase the fire hazard. His first application was therefore rejected. He went to see the authorities, and, apparently, compromised on moving the south wall alone, being allowed to erect piers on the north side, outside the present wall, to support steel I-beams extending outward to the property line; conformably to that oral arrangement he formally made a new application, asking to extend the wall on south side only. This application was granted, and he went to work under it; and now, reverting to the original application, he asks a *mandamus* to build under that on the north side. We think the point made by the city is well taken, that application No. 1 is dead, being, in substance, withdrawn after rejection. It is a legitimate and proper inference that the second application was granted as a compromise measure and in view of the substantial withdrawal of the first.

Another good reason for refusing the permit is the fire hazard ordinance. This is attacked as invalid. In the case of buildings other than residential it gives power to the board of commissioners to refuse a building permit unless, in the judgment of the board, the proposed structure will not increase the fire hazard in the locality.

It is claimed that this vests an arbitrary power in the board. But to this we do not agree. They are to act judicially; and the words *"may* direct permit to issue" are doubtless mandatory as to cases where no extra hazard is found to exist. It is also claimed that this ordinance is

invalid under the decision in *Ingersoll* v. *South Orange,* 3 *N. J. Adv. R.* 1407. But that case is very far from holding that owners may create any amount of fire hazard and the city must keep a fire department adequate to cope with it. The power to regulate building so as to minimize fire hazard is well settled. *Neumann* v. *Hoboken,* 82 *N. J. L.* 275; *Independent Penna. Oil Co.* v. *Gloucester,* 4 *N. J. Adv. R.* 1532. As always, the question is whether the regulation is reasonable. In the case at bar, we have a garage with one thousand gallons of gasoline stored at the front door. Is it reasonable for the commissioners to adjudge that there should be side access in case of fire? If side egress from a theatre is essential and proper, why not access to or egress from a blazing garage? We think the ordinance not unreasonable as applied to this case, and for this reason also, as well as for that first stated, conclude that the rule to show cause should be discharged.